**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                              :
CARLOS TORRES,                :
                              :  Civil Action No. 11-0226 (RBK)
            Petitioner,       :
                              :
         v.                   :      O P I N I O N
                              :
WARDEN DONNA ZICKEFOOSE,      :
                              :
            Respondent.       :
_____:
```

**APPEARANCES:**

Carlos Torres, Pro Se
#56396-054
Federal Correctional Institution
East: P.O. Box 2000
Fort Dix, NJ 08640

John Andrew Ruymann
Office of the US Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
Attorney for Respondent

**KUGLER, District Judge**

Petitioner Carlos Torres, a federal prisoner currently confined at the Federal Correctional Institution, Fort Dix, New Jersey, submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1]  Petitioner challenges a prison

_____

[1]  Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.                * * *

disciplinary finding that resulted in the loss of good conduct time.  In particular, Petitioner asks that the prohibited act Code 108 violation be expunged.  The named respondent is Donna Zickefoose, Warden at FCI Fort Dix.

In lieu of an answer, Respondent filed a motion to dismiss, which remains pending before this Court.  For the following reasons, the motion will be denied.  Respondent will be ordered to answer the petition.

<u>**BACKGROUND**</u>

Petitioner alleges that on April 15, 2009, he appeared before the Disciplinary Hearing Officer ("DHO") for a hearing stemming from his possession of a cell phone and charger at FCI Otisville.  Petitioner argues that he did not have notice that the possession of a cell phone was increased to a 100 level prohibited act.  Petitioner argues that such an increase violated the Administrative Procedures Act, that Code 108 should be void for vagueness, and that his Equal Protection rights were violated.  Attached to Petitioner's complaint are various reports that show that Petitioner was charged with Code 316 (being in an unauthorized area) and 108 (possession of a hazardous tool).  <u>See</u> Incident Report, docket entry 1-1, at p. 2 of 73.  Petitioner

---

(c) The writ of habeas corpus shall not extend to a prisoner unless ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

cites <u>Neagle v Zickefoose</u>, 09-2016 (NLH), for support for his request to have his Code 108 charge reduced to a Code 305.  <u>See</u> Regional Administrative Remedy, docket entry 1-1, at p. 4 of 73.

Respondent argues that the case should be dismissed, because Petitioner's appeal of his DHO charge was untimely.  On May 6, 2010, Petitioner filed his first appeal with the Regional Office. The appeal was rejected because the DHO report was not submitted. Petitioner attempted three more times to file an appeal, and each time, his appeal was rejected because he did not attach a copy of the DHO report.  Neither the Petitioner nor Respondent have been able to locate a copy of the DHO report.

However, Respondent argues that because appeals of DHO decisions must be submitted to the Regional Director within twenty days, and Petitioner waited over a year, that the appeal was untimely.  Further, Respondent contends that because Petitioner waited over a year to file his appeal, that he did not properly exhaust administrative remedies, and the petition must be dismissed.

## **DISCUSSION**

### A.   **Standard of Review**

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to show
> cause why the writ should not be granted, unless it

>appears from the application that the applicant or
>person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less
stringent standards than more formal pleadings drafted by
attorneys.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976);
Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se
habeas petition should be construed liberally and with a measure
of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir.
1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir.
1989).  Because Petitioner is proceeding pro se in his
application for habeas relief, the Court will accord his petition
the liberal construction intended for pro se litigants.

## B.   Exhaustion of Administrative Remedies

Although 28 U.S.C. § 2241 contains no statutory exhaustion
requirement, a federal prisoner ordinarily may not bring a
petition for writ of habeas corpus under 28 U.S.C. § 2241,
challenging the execution of his sentence, until he has exhausted
all available administrative remedies.[2]  See, e.g., Callwood v.

---

[2]  To exhaust administrative remedies before the Federal
Bureau of Prisons, a federal inmate seeking review of an aspect
of his confinement must first seek to resolve the dispute
informally. See 28 C.F.R. § 542.13. If the inmate does not
receive a favorable termination, he may submit a formal written
Administrative Remedy Request for response by the warden of the
facility. See 28 C.F.R. § 542.14. If the inmate is not satisfied
with the warden's response, he may appeal the warden's decision
to the Regional Director within 20 days of the date of the
decision. If he is not satisfied with the Regional Director's
response, he may submit an appeal of the Regional Director's

Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J.1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959,

---

decision to the Central Office within 30 days of the date of the decision. See C.F.R. § 542.15. If these responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

*2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Here, Respondent has presented nothing to this Court demonstrating that Petitioner's appeals were rejected as untimely.  Rather, Respondent argues that:

> According to the record of petitioner's administrative remedies maintained by the Bureau, petitioner attempted to file an appeal of the imposed discipline with the Regional Office on May 6, 2010, more than one year after the DHO hearing; the appeal was rejected due to petitioner's failure to submit a copy of the DHO report; on or about June 21, 2010, petitioner re-filed an appeal with the Regional Office; again the Regional Office rejected the appeal due to petitioner's failure to supply the DHO report and for his failure to supply copies of the continuation page; petitioner again re-filed on July 6, 2010 and September 28, 2010; and both of those re-filings were rejected due to petitioner's failure to attach a copy of the DHO report. (Moran Dec., para. 5 and Ex. 2).

See Respondent's Brief, docket entry 10-1, at p. 4 of 9. However, Respondent asks this Court to dismiss the petition as unexhausted based on Petitioner's failure to timely appeal the DHO's decision.

According to the Code of Federal Regulations, "[w]here the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed."  28 C.F.R. § 542.14(b).  It is unclear whether or not Petitioner would have been granted an extension.  There is no record before this Court that demonstrates that his attempt to exhaust was deemed untimely. Rather, it appears that any attempt to exhaust his disciplinary

charges would have been futile, as the disappearance of Petitioner's DHO report has prevented Petitioner's appeal from being considered.

Due to the lack of a sufficient record, this Court finds that Respondent's motion to dismiss must be denied.

**CONCLUSION**

For the reasons set forth above, Respondent's motion will be denied.  Respondent will be ordered to answer the petition.

An appropriate order follows.

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

Dated: March 7, 2012