<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                        :
CARLOS TORRES,                          :
                                        :   Civil Action No. 11-0226 (RBK)
                Petitioner,             :
                                        :
            v.                          :   **O P I N I O N**
                                        :
WARDEN DONNA ZICKEFOOSE,                 :
                                        :
                Respondent.             :
_____ :

**APPEARANCES:**

Carlos Torres, <u>Pro</u> <u>Se</u>
#56396-054
Federal Correctional Institution
East: P.O. Box 2000
Fort Dix, NJ 08640

John Andrew Ruymann
Office of the US Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
Attorney for Respondent

**KUGLER, District Judge**

Petitioner Carlos Torres, a federal prisoner currently

confined at the Federal Correctional Institution, Fort Dix, New

Jersey, submitted a petition for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2241.[1]  Petitioner challenges a prison

---

[1]  Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
                        * * *

disciplinary finding that resulted in the loss of good conduct time.  In particular, Petitioner asks that the prohibited act Code 108 violation be expunged.  The named respondent is Donna Zickefoose, Warden at FCI Fort Dix.

In lieu of an answer, Respondent filed a motion to dismiss, which remains pending before this Court.  For the following reasons, the motion will be denied.  Respondent will be ordered to answer the petition.

## BACKGROUND

Petitioner alleges that on April 15, 2009, he appeared before the Disciplinary Hearing Officer ("DHO") for a hearing stemming from his possession of a cell phone and charger at FCI Otisville.  Petitioner argues that he did not have notice that the possession of a cell phone was increased to a 100 level prohibited act.  Petitioner argues that such an increase violated the Administrative Procedures Act, that Code 108 should be void for vagueness, and that his Equal Protection rights were violated.  Attached to Petitioner's complaint are various reports that show that Petitioner was charged with Code 316 (being in an unauthorized area) and 108 (possession of a hazardous tool).  See Incident Report, docket entry 1-1, at p. 2 of 73.  Petitioner

---

(c) The writ of habeas corpus shall not extend to a
prisoner unless ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ....

cites Neagle v Zickefoose, 09-2016 (NLH), for support for his request to have his Code 108 charge reduced to a Code 305.  See Regional Administrative Remedy, docket entry 1-1, at p. 4 of 73.

Respondent argues that the case should be dismissed, because Petitioner's appeal of his DHO charge was untimely.  On May 6, 2010, Petitioner filed his first appeal with the Regional Office. The appeal was rejected because the DHO report was not submitted. Petitioner attempted three more times to file an appeal, and each time, his appeal was rejected because he did not attach a copy of the DHO report.  Neither the Petitioner nor Respondent have been able to locate a copy of the DHO report.

However, Respondent argues that because appeals of DHO decisions must be submitted to the Regional Director within twenty days, and Petitioner waited over a year, that the appeal was untimely.  Further, Respondent contends that because Petitioner waited over a year to file his appeal, that he did not properly exhaust administrative remedies, and the petition must be dismissed.

## DISCUSSION

### A.    Standard of Review

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to show
> cause why the writ should not be granted, unless it

>     appears from the application that the applicant or
>     person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Petitioner is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

## B.    **Exhaustion of Administrative Remedies**

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.[2]  See, e.g., Callwood v.

---

[2]  To exhaust administrative remedies before the Federal Bureau of Prisons, a federal inmate seeking review of an aspect of his confinement must first seek to resolve the dispute informally. See 28 C.F.R. § 542.13. If the inmate does not receive a favorable termination, he may submit a formal written Administrative Remedy Request for response by the warden of the facility. See 28 C.F.R. § 542.14. If the inmate is not satisfied with the warden's response, he may appeal the warden's decision to the Regional Director within 20 days of the date of the decision. If he is not satisfied with the Regional Director's response, he may submit an appeal of the Regional Director's

Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States

Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v.

Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion

doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a
> factual record and apply its expertise facilitates
> judicial review; (2) permitting agencies to grant the
> relief requested conserves judicial resources; and (3)
> providing agencies the opportunity to correct their own
> errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J.1999), aff'd,

248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau

of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless,

exhaustion of administrative remedies is not required where

exhaustion would not promote these goals.  See, e.g., Gambino v.

Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required

where petitioner demonstrates futility); Lyons v. U.S. Marshals,

840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where

it "would be futile, if the actions of the agency clearly and

unambiguously violate statutory or constitutional rights, or if

the administrative procedure is clearly shown to be inadequate to

prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959,

---

decision to the Central Office within 30 days of the date of the
decision. See C.F.R. § 542.15. If these responses are not
received by the inmate within the time allotted for reply, "the
inmate may consider the absence of a response to be a denial at
that level." 28 C.F.R. § 542.18.

*2 (E.D. Pa. 2000) (exhaustion not required where delay would

subject petitioner to "irreparable injury").

Here, Respondent has presented nothing to this Court

demonstrating that Petitioner's appeals were rejected as

untimely.  Rather, Respondent argues that:

> According to the record of petitioner's administrative
> remedies maintained by the Bureau, petitioner attempted
> to file an appeal of the imposed discipline with the
> Regional Office on May 6, 2010, more than one year
> after the DHO hearing; the appeal was rejected due to
> petitioner's failure to submit a copy of the DHO
> report; on or about June 21, 2010, petitioner re-filed
> an appeal with the Regional Office; again the Regional
> Office rejected the appeal due to petitioner's failure
> to supply the DHO report and for his failure to supply
> copies of the continuation page; petitioner again
> re-filed on July 6, 2010 and September 28, 2010; and
> both of those re-filings were rejected due to
> petitioner's failure to attach a copy of the DHO
> report. (Moran Dec., para. 5 and Ex. 2).

See Respondent's Brief, docket entry 10-1, at p. 4 of 9.

However, Respondent asks this Court to dismiss the petition as

unexhausted based on Petitioner's failure to timely appeal the

DHO's decision.

According to the Code of Federal Regulations, "[w]here the

inmate demonstrates a valid reason for delay, an extension in

filing time may be allowed."  28 C.F.R. § 542.14(b).  It is

unclear whether or not Petitioner would have been granted an

extension.  There is no record before this Court that

demonstrates that his attempt to exhaust was deemed untimely.

Rather, it appears that any attempt to exhaust his disciplinary

charges would have been futile, as the disappearance of Petitioner's DHO report has prevented Petitioner's appeal from being considered.

Due to the lack of a sufficient record, this Court finds that Respondent's motion to dismiss must be denied.

## **CONCLUSION**

For the reasons set forth above, Respondent's motion will be denied.  Respondent will be ordered to answer the petition.

An appropriate order follows.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge


Dated: March 7, 2012